ESTATE OF LOUIS SOLOWEY, BY LILLIAN HALPERN, LOUIS SHAPIRO AND BESSIE SOLOWEY, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22265. Promulgated August 30, 1950.

*Alfred Cerceo, Esq.*, for the petitioner.
*Rigmor O. Carlsen, Esq.*, for the respondent.

OPINION.

Murdock, *Judge:* The Commissioner determined a deficiency of $30,263.42 in estate tax. One error assigned was settled by stipulation. The other is that "The respondent erroneously included for Federal estate tax purposes insurance and transfers in the gross estate as property of decedent at date of death in the amount of $105,622.87." The case was submitted upon a stipulation of facts which is adopted as the findings of fact.

Louis Solowey, the decedent, died on August 4, 1946. The estate tax return was filed with the collector of internal revenue for the second district of New York.

The decedent took out eight policies of life insurance on his own life, and on May 4, 1944, December 20, 1945, and December 29, 1945, assigned those policies to his wife and daughters. He had owned all of the incidents of ownership prior to the assignments but retained none after those assignments.

The decedent paid all of the premiums on each policy up to the time of the assignment. Those premiums amounted to $80,954.31. The premiums on the policies subsequent to the assignments were paid by the assignees. They amounted to $7,116.90. None of the policies was surrendered by the assignee prior to the death of the decedent. Those assignees received, upon the death of the decedent, total proceeds of the policies in the amount of $115,929.48.

The transfers of the policies were shown in the estate tax return, but no part of the proceeds was included in the gross estate on that return.

The Commissioner, in determining the deficiency, included in the gross estate $105,622.87 purporting to represent an amount which bore the same ratio to the total insurance proceeds as the premiums paid by the decedent bore to the total premiums paid. It was stipulated that the correct figure to represent that ratio is $106,561.40. The Commissioner made claim for the increased deficiency in an amended answer filed at the hearing.

Section 811 (g) (2) includes in the gross estate, in addition to proceeds of policies with respect to which the decedent at the time of his death possessed incidents of ownership, "amounts receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, * * * paid * * * by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance." That provision was inserted by an amendment contained in section 404 (a) of the

**190**

Revenue Act of 1942. Section 404 (c) of that same revenue act provided that the amendments would apply only to estates of decedents dying after the date of the enactment of the act, but in determining the proportion of the premiums paid by the decedent the amount paid by the decedent on or before January 10, 1941, was to be excluded if at no time after that date the decedent possessed an incident of ownership in the policy. That act became a law on October 21, 1942. The decedent in this case died after that date and he was still in possession of all of the incidents of ownership in the policies for some time after January 10, 1941. The Commissioner has applied those provisions in this case and, subject to the stipulated correction in the amount which he used, has followed the provisions of the law. The petitioner agrees that the case comes within those provisions of the law.

The petitioner's contention, as set forth in its brief, is not clear, but the argument seems to be that the provisions which the Commissioner has followed in making his determination are unconstitutional. The pleadings filed by the petitioner do not raise any question of the constitutionality of the provisions of the law upon which the Commissioner has relied. This Court has heretofore pointed out that the specific constitutional provision alleged to be violated must be set forth in the pleadings and that the constitutional question will not be considered in the absence of proper pleadings. Here the pleadings make no reference to any constitutional question. Consequently, no such question will be considered or decided. See, however, *Chase National Bank* v. *United States*, 116 Fed. (2d) 625; *Baily* v. *United States*, 27 Fed. Supp. 617; *Tyler* v. *United States*, 281 U. S. 497; *Colonial Trust Co., Executor* v. *Kraemer*, 63 Fed. Supp. 866. It is possible that the petitioner is arguing in its brief something other than a constitutional question. The brief has been carefully considered and the Court is unable to conclude that the Commissioner made any error.

*Decision will be entered under Rule 50.*