Loring M. Black v. Commissioner.
Black v. Commissioner
Docket No. 23174.
United States Tax Court
1951 Tax Ct. Memo LEXIS 299; 10 T.C.M. (CCH) 233; T.C.M. (RIA) 51069; March 12, 1951
Harvey L. Rabbitt, Esq., 406 Southern Bldg., Washington, D.C., for the petitioner. E. M. Woolf, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income taxes for the calendar years 1944, 1945 and 1946. Deficiencies were determined in the amounts of $5,093.61, $2,022.63 and $2,755.31, respectively. Two questions are presented: (a) Whether petitioner is entitled to deduct certain alleged business expenses; and (b) whether he is entitled to deduct certain payments to his wife, under sections 22(k) and 23(u) of the Internal Revenue Code. Findings of Fact The petitioner during the taxable years was an attorney, practicing in New York City and to some extent in Washington, D.C. He had for twelve years *300 been a member of Congress, from New York, and had practiced law in New York before that time. He filed his Federal income tax returns for the taxable years with the collector for the third district of New York, reporting gross receipts as a lawyer, as follows: For 1944 $21,336.30; for 1945 $14,064.17; and for 1946 $18,567.65. He claimed deductions, as follows: For 1944 $4,000 business expenses and $6,044.92 payments to his wife; for 1945 $1,500 business expenses and $4,010 payments to his wife; and for 1946 $1,500 business expenses and $5,380 payments to his wife. During the taxable years he made payments to his wife, for the maintenance of her and an infant son, under an agreement in writing executed by him and his wife on the 31st day of December 1938. The agreement provided that they live separate and that he pay her $125 a week for the separate maintenance of her and minor children. In the taxable years there was one minor child, a son. The agreement does not mention divorce or decree of separate maintenance. The parties were divorced in 1950. About 1950 his wife sued him for some balance due. During the taxable years they were living apart, and had been doing so since 1933. *301 During the taxable years the petitioner occupied office space at 99 Wall Street, with a law firm. He paid no office rent or telephone expense there. It was his habit to go in the evenings to night clubs such as the Stork Club and restaurants such as Reuben's. There he met and entertained people whom he thought would be of benefit to him in a business way, as well as others who might not. He kept no records of expenses. The expenses claimed on his return were arbitrary, a guess. He got no receipts for them. It was his idea to go to places where he would meet people of importance and be kept alive in their minds. He sat with people, some of whom became clients. He hoped he might get clients in that way. He got some clients that otherwise he did not think he would have had. He got clients, but not because he entertained "these particular people." He expended for business purposes $1,000 in 1944, $350 in 1945, and $350 in 1946. Opinion We will discuss the two issues separately, and first the question of deduction of payments for maintenance of petitioner's wife and minor son. The Commissioner's action in denying the deduction is sustained for two reasons: (a) There is no proof as *302 to the amounts of payments in any year. He was paying, but the amount was never proven. As the wife sued petitioner, about 1950, for delinquent amounts, he apparently was not paying the $125 a week. The petition is, of course, no proof. (b) There was no divorce until 1950 and never a decree of separate maintenance. The statute provides for deduction by the husband only if there is one or the other. Petitioner contends that it is unconstitutional to distinguish between a case of divorce or separate maintenance decree, and a case where there is none. He does not raise that issue in the petition and it will not be considered here. Estate of Louis Solowey, 15 T.C. 188; Muriel Dodge Neeman, 13 T.C. 397. Moreover, the agreement, though in writing, is nowhere shown to be incident to any decree of divorce, or of legal separation, and it is not so contended. As to the amounts claimed as deductible business expense: The petitioner made no attempt to keep records. He does not even try to separate his personal expense involved in the entertainment alleged. The record does not indicate what portion of the amounts claimed represent cost of his own meals, or whether *303 he ordinarily entertained one, or a number of, guests - which would obviously affect this question. Nor are we given any idea of the number of people entertained. This is no case of ordinary expense of conducting an office, where expense is necessarily existent, but inadequately proved. Petitioner had no office expenses, yet seeks deduction of amounts reasonably comparable therewith. The nature of petitioner's practice is not explained. It may, in fact, have entailed little actual expense. It did not require usual office expense. The situation called for explanation which was not furnished. He could name no client obtained by the entertainment. Such entertainment expenses are primarily personal expenses, deduction of which is not allowed. Section 24 (a), Internal Revenue Code. They are wholly uncorroborated. Petitioner, testifying, called the amounts "arbitrary" and a "guess." With no reason suggested for lack of records, we should not be required to guess. Evidence, not guess-work, should be the prime and basic element in determination of such controversies as this. Nevertheless, Cohan v. Commissioner, 39 Fed. (2d) 540, a case where entertainment *304 expenses, with other expenses, were claimed without records, indicates that, "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making," the Court should make as close an approximation as we can of the expenses. We have therefore in consideration of all the facts, found and hold that the petitioner had deductible expenses of business as follows.. In 1944, $1,000; in 1945, $350; in 1946, $350. As for petitioner's suggestion, first raised on brief, that if not allowed deduction of the payments to his wife under the agreement he should be allowed personal exemption for a wife and child, the facts before us do not permit. He did not know whether he was his wife's principal support, and the record shows nothing as to the income of either her or the son, or whether she filed separate returns claiming such exemptions. Decision will be entered under Rule 50.