Harold R. Love v. Commissioner.
Love v. Commissioner
Docket No. 23052.
United States Tax Court
1951 Tax Ct. Memo LEXIS 177; 10 T.C.M. (CCH) 606; T.C.M. (RIA) 51197; June 28, 1951
Harold R. Love, pro se. Thomas A. Steele, Jr., Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in income tax in the amount of $306 for the calendar year 1945. The issues are: (1) Was the mailing of the notice of deficiency on March 2, 1949, timely, the return having been filed on February 7, 1946? (2) Is petitioner entitled to a deduction in 1945 for travel expense, and, if so, in what amount? Findings of Fact
*178 Petitioner is a resident of Minneapolis, Minnesota. His return for the period here involved was filed with the collector of internal revenue for the district of Minnesota on February 7, 1946. Notice of deficiency in income tax for 1945 was mailed to petitioner by registered mail on March 2, 1949. From July 1942 to July 1944, petitioner was employed at Grand Rapids, Michigan, as senior accountant in the United States Navy Department. From July 1944 to December 29, 1944, he was employed at Detroit, Michigan, as cost accountant in the War Department. From December 29, 1944, until April 2, 1945, he maintained an office in Grand Rapids for the purpose of practicing public accounting. He reported no income from this office in 1945. On April 2, 1945, petitioner was reemployed by the War Department as accountant and field cost analyst and remained so employed throughout 1945 and until September 19, 1947. From April 2 to December 31, 1945, his post of duty was Jeffersonville, Indiana, from which point he traveled to other states. He received base pay of $3,800 per year in this employment, or nine months' pay (April-December), of $2,849.94. He reported net income in 1945 of $1,352.15, the *179 difference of $1,497.79 representing claimed travel expense. When assigned to a war college course at Fort Benjamin Harrison, Indiana, petitioner received, in addition to his base pay, $2.10 or $2.25 as per diem subsistence. When on duty at other points away from Jeffersonville he received $6 per diem, and the Government paid his actual costs of transportation from one place to another. During part of the period January to April, 1945, petitioner and his wife lived in Detroit. Petitioner paid rent of about five or six dollars per month for a room in Minneapolis at the house of a friend, T. J. Orlicki, at 2001 20th Avenue Northeast, from 1939 through 1948, but petitioner was not in Minneapolis at any time during 1945. His wife visited this address occasionally during 1945. Petitioner incurred traveling expense in 1945 while away from home in pursuit of a trade or business, for which he was not reimbursed by his employer, of not more than $100. Opinion Petitioner filed his 1945 income tax return with the collector on February 7, 1946. Notice of deficiency in income tax for 1945 was mailed by respondent on March 2, 1949. Petitioner maintains that the mailing of the notice of deficiency, *180 being more than three years from the actual date of the filing of the return, was not timely under section 275 (a), Internal Revenue Code. This contention must be rejected. Section 275 (f) of the Code clearly provides that, for the purpose of the three-year period of limitation in section 275 (a), "a return filed before the last day prescribed by law for the filing thereof shall be considered as filed on such last day." Accordingly, petitioner's return is to be considered as filed on March 15, 1946, and the notice of deficiency, mailed March 2, 1949, is timely. Petitioner urges that the above quoted provision in section 275 (f) is "void, illegal and of no effect." The provision being a part of the law, we can hardly hold that it is illegal. If it is petitioner's intention to question the constitutionality of the provision, what this Court said in the recent case of Estate of Louis Solowey et al., Executors, 15 T.C. 188 (petition for review filed, C.A. 2, January 4, 1951), is appropriate here: "The petitioner's contention, as set forth in its brief, is not clear, but the argument seems to be that the provisions which the Commissioner has followed *181 in making his determination are unconstitutional. The pleadings filed by the petitioner do not raise any question of the constitutionality of the provisions of the law upon which the Commissioner has relied. This Court has heretofore pointed out that the specific constitutional provision alleged to be violated must be set forth in the pleadings and that the constitutional question will not be considered in the absence of proper pleadings. Here the pleadings make no reference to any constitutional question. Consequently, no such question will be considered or decided. * * *" Petitioner maintains that from pay of $2,849.94 received by him in 1945 he is entitled to deduct alleged "traveling expenses * * * while away from home," (section 23 (a) (1), Internal Revenue Code) in the amount of $1,497.79. During the first three months of 1945 he simultaneously maintained an office in Grand Rapids for the purpose of practicing public accounting, and paid rent on a room in Minneapolis, which, he testified, he considered his permanent residence and home. Included in the above figure of $1,497.79 are alleged living expenses in Grand Rapids of $150, which petitioner contends *182 he is entitled to deduct as travel expenses while away from home. This contention can not be sustained. As stated by this Court in Raymond E. Kershner, 14 T.C. 168, citing Commissioner v. Flowers, 326 U.S. 465, and other cases: "For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed." Under this definition petitioner's home during the first three months of 1945 for the purpose of travel expense deductions was Grand Rapids and he is not entitled to the deduction of living expenses in Grand Rapids. During the last nine months of 1945 we have found that petitioner's post of duty was Jeffersonville, Indiana, from which point he traveled to other states as an accountant and field cost analyst for the War Department. Petitioner's actual costs of transportation were paid for by the Government, in addition to which he received $6 per diem when away from Jeffersonville (except in one instance, when he was assigned to a war college course at Fort Benjamin Harrison, Indiana, and received $2.10 or $2.25 per diem). Petitioner maintains that in addition to these reimbursed expenses he incurred *183 additional travel expenses during this period of $1,347.79 ($1,497.79 minus $150). Travel expenses in excess of reimbursed amounts are deductible by employees of the United States. I.T. 4012, C.B. 1950-1, p. 33. Petitioner, however, produced no records and no witnesses at the hearing to support his claim and his own testimony was inconsistent and devoid of detail. There is no showing whatsoever of what specific trips petitioner made, of how many days he was on travel status, nor of how many days it was necessary for him to, as he claims, spend more than his reimbursed amount. We have found that trips were made. Petitioner testified that his per diem allowance was insufficient to cover the travel expenses of such trips. On this minimum showing, even applying the rule of Cohan v. Commissioner (C.A. 2, 1930), 39 Fed. (2d) 540, with the utmost liberality, we can not find that petitioner's traveling expense in 1945 in excess of reimbursed amounts was more than $100, and we hold that he is entitled to deduction only in that amount. Decision will be entered under Rule 50.